**In re ENTRECAP INTERNATIONAL, INC. f/k/a Corken International, Inc., Debtor.**

**Nora Gordon, Gene Howard, and William G. Vandever, Plaintiffs,**

**v.**

**First National Bank of Oklahoma, Defendant.**

**Bankruptcy No. 93–40082–S.**
**Adversary No. 96–4098–S.**

United States Bankruptcy Court, E.D. Texas, Sherman Division.

April 12, 1999.

Lucy S. Kroblin, Howard and Widdows, P.C., Tulsa, Oklahoma, for Nora Gordon et al.

Joel C. Hall, Gooding Mulinix & Hardin, P.C., Oklahoma City, OK, for First National Bank of Oklahoma.

2. Fed.R.Bankr.Proc. 4003 and Fed.R.Bankr. Proc. 4007.

*OPINION*

DONALD R. SHARP, Chief Judge.

Came on for consideration the Complaint For Declaratory Judgment of Nora Gordon, Gene Howard, and William G. Vandever, (the "Plaintiffs"), seeking this Court's entry of a declaratory judgment as to this Court's jurisdiction over the issues and controversies embodied in Case No. CJ–95–309, styled *First National Bank of Oklahoma v. Nora Gordon, Gene C. Howard, William Vandever, and Richard H. Hughes,* pending in Kay County, State of Oklahoma ("the District Court Action"), which action has been previously stayed by that Court. This opinion constitutes the Court's findings of fact and conclusions of law required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

This adversary proceeding is in this Court because Entrecap International, Inc. (Debtor) filed a Chapter 7 bankruptcy petition bearing case number 93–40082. First National Bank of Oklahoma (FNB) became involved in this proceeding because of a promissory note payable to them signed by Corken Properties, Inc. which was executed on July 3, 1991. The promissory note was secured by the pledge of shares of stock in Hinderliter Industries, Inc. (Hinderliter) as well as the personal guarantee of Hughes, a Plaintiff herein. Corken Properties, Inc. became Hiland Properties, Inc. and later Entrecap Properties, Inc. For ease of reference, the entity will be referred to as (Hiland). The exact relationship between Hiland and Entrecap International, Inc., the Debtor herein, is not exactly clear from the record in these proceedings but it is not material for a determination of the issue before the Court. Suffice it to say that the note referred to above went into default and FNB instituted an action against Hiland resulting in a judgment in their favor against both Hiland and the personal guarantor, Hughes. After Hinderliter and the Debtor herein both wound up in bankruptcy, several parties including the trustees of both bankruptcy estates and the plaintiffs in this adversary proceeding entered into a comprehensive settlement and release agreement to resolve numerous disputes between them, principal of which were the exchanges of assets between Entrecap and Hinderliter and to deal with the disposition of estate property in both estates. The agreement also included mutual releases of all parties to the settlement which included the Plaintiffs in this action. The Plaintiffs in this action signed the settlement and release agreement in their individual capacity and on behalf of Hiland. FNB was not a party to the settlement and release agreement and there is dispute as to whether FNB even knew of the settlement and release agreement prior to its execution and approval by this Court. The parties to this adversary are in disagreement as to whether FNB knew of the settlement but subsequent events make that issue immaterial to the resolution of this case also.

Following its learning of the settlement and release agreement FNB did file a Motion seeking to set-aside the release and settlement and seeking various other kinds of relief. The only part of that action that is material here is the fact that this Court, with the Honorable C. Houston Abel presiding, entered an order which was agreed to by all parties including FNB and the Plaintiffs herein and which clearly establish (1) that FNB has no claim against either bankruptcy estate, (2) no claim against the trustees of either bankruptcy estate and (3) no property of this bankruptcy estate "is subject to FNB's claim as created by the judgment it obtained against Hiland, or otherwise." That judgment was signed on July 18, 1995, and entered on the docket of this Court on July 21, 1995. Therefore, it is now beyond question that FNB has no claim to assert against this bankruptcy estate or any property of this bankruptcy estate wherever it may be located.

Turning to the instant controversy, the original complaint in this adversary proceeding prays for a declaratory judgment "declaring that this Court has exclusive jurisdiction over all disputes which may arise from the Settlement Agreement and for such further relief as may be deemed just and equitable." The matter came before the Court for status conference pursuant to regular setting. As is the usual practice in this Court, the status conference is designed to set discovery deadlines, select a trial date and deal with any other pretrial matters which should be included in a pretrial and scheduling order. The parties announced to the Court that a trial would be unnecessary as the parties felt confident the case could be submitted on the pleadings, the entire record in the bankruptcy proceeding and any additional argument the Court chose. The parties were instructed to file briefs setting forth the legal arguments in support of their positions.

Rather than file briefs as requested by the Court, Plaintiffs filed a pleading which they styled a motion to retain the Court's exclusive jurisdiction and filed a brief in support of that motion. The motion narrowed the issues from the requested self evident declaration that the Court retain jurisdiction over the settlement agreement previously approved to ask specifically that the Court stay the procedures presently pending in the District Court in and for Kay County, State of Oklahoma, *First National Bank of Oklahoma v. Nora Gordon, Gene c. Howard, William Vandever and Richard H. Hughes*, CJ–95–309. The Defendant did not object to the Motion but responded with its brief in opposition thereto. Accordingly, the Court finds that the Motion constitutes an amendment to the pleadings which more clearly delineates the dispute between the parties. It is too clear to require citation that this Court's inherent power gives it authority to adjudicate disputes that arise over the settlement and release agreement approved by this Court in this bankruptcy proceeding. What the Plaintiffs really seek is a determination by this Court that the dispute pending in the Oklahoma State Court case is a dispute arising within the terms of the settlement and release agreement and within the exclusive jurisdiction of this Court. Plaintiffs then seek the extraordinary relief of a declaratory judgment staying the Oklahoma state court action.

Although the Plaintiffs do not mention it, one must consider the Anti–Injunction Act, 28 U.S.C. § 2283 which provides:

"A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by act of Congress, where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Since this Act absolutely prohibits an injunction by a federal court directed to proceedings in a state court, unless one of the three specifically defined exceptions is found, the Plaintiffs must believe that their claim falls within one of those exceptions.

The first exception dealing with express authorization by an act of Congress is clearly not present and this Court has been directed to no act of Congress which would authorize it to enjoin the proceedings in a state court in this circumstance. If Plaintiffs can find any support for their position, it must be in the second or third exceptions contained in the statute. We must look to whether this Court has jurisdiction over the dispute in the state court action and whether the extraordinary remedy of an injunctive proceeding is necessary to aid the Court in the exercise of that jurisdiction.

First, we must look at the dispute as it is framed in the pleadings filed in the state court action in Oklahoma. The petition in the Oklahoma Court seeks a personal judgment against the Plaintiffs in this action because of their alleged breach of a fiduciary duty and their improper actions as officers of Hiland. The petition alleges that these officers failed to properly protect the assets of the corporation and

thereby breached their duty to the Creditors of the corporation (FNB) and that those individuals should be personally liable to FNB for their actions. There is no claim that these individuals are holding any money or property belonging to this bankruptcy estate or that this bankruptcy estate will be impacted in any way as a result of the state court action in Oklahoma. There is also no claim that the officers' actions toward the corporation were improper which would give rise to some sort of derivative action by the corporation against its officers for their activities. This is simply a tort suit alleging wrongful activities by these individuals which caused damage to FNB for which a money judgment is sought.

In order for this Court to have jurisdiction over the dispute in the Oklahoma state court, it must either arise under Title 11, arise in a case under Title 11 or be related to a case under Title 11. It clearly does not arise under Title 11 because it is not a cause of action granted by Title 11 but is simply a state court action. It does not arise in a case under Title 11 because FNB is not now nor has ever been a creditor in this bankruptcy estate. There is already a final judgment on record determining that to be the case and determining that FNB has no claim against the bankruptcy estate, the bankruptcy trustee or any assets of the bankruptcy estate.

The Fifth Circuit in *Matter of Wood*, 825 F.2d 90 (5th Cir.1987) discussed the jurisdiction of bankruptcy courts and established the principle that proceedings that are related to Title 11 cases are those that do not arise under Title 11 or arise in a Title 11 proceeding but are related to bankruptcy proceedings because their resolution has an impact on the bankruptcy estate which requires the bankruptcy court to deal with the issue. Applying that principle espoused by the Fifth Circuit in *Wood* to the instant case, it is clear that this adversary proceeding has no impact on this bankruptcy estate and will have no impact on this bankruptcy estate regardless of its outcome. This Court has no need to be involved in this issue to protect any aspect of the bankruptcy estate or any interest of the Creditors of the bankruptcy estate.

Plaintiffs' claims also fail under the third exception detailed in the Anti–Injunction Act. This Court does not need to issue an injunction to protect or effectuate its previous judgments. The only judgment that is or could be questioned in the action is the judgment approving the release and settlement agreement previously entered by multiple parties and referred to above. This is not a dispute concerning the terms and conditions of the settlement agreement previously approved by this Court and does not seek to modify or set-aside that settlement agreement in any way. FNB was not a party to that settlement agreement and is not a party to this bankruptcy proceeding as has already been determined by this Court in the judgment signed by Judge Abel and referred to above.

There are no principles of bankruptcy law to be resolved in the Oklahoma dispute. It is simply a question of whether or not the plaintiffs herein (Defendants in the state court action) are guilty of the alleged tortious activity resulting in loss to FNB. Those issues can and should be tried in the state district court in Kay County Oklahoma. Accordingly, this Court declines to issue the declaratory judgment or the stay order requested by Plaintiffs herein.